### BULLARD vs. PHILLIPS ET ALS.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE FIFTH PRESIDING.

The assignee of an act of sale in the nature of *a vente à rémére* can institute a possessory action against the vendor and recover possession of the property sold, and hold it subject to the conditions of the *vente à rémére,* as made to the original purchaser.

The plaintiff sues for the recovery of six slaves, in the possession of the defendants, which he alleges he purchased and had transferred to him, by Peter B. Martin, by his deed of assignment and conveyance, dated 11th December, 1826; he

WESTERN DIST. states that the defendants have wrongfully taken possession of
October, 1831. them, and prays judgment to have them delivered up, and
BULLARD first sequestered to prevent removal, &c.
vs.
PHILLIPS ET ALS.     The defendants plead the general issue ; and aver that the
conveyance of the slaves in question, was made by Isabella
and Abraham Phillips, in the nature of a mortgage, to secure
the sum of two hundred and fifty seven dollars, .to Peter B.
Martin, who transferred it to the plaintiff.   That the mort-
gage is extinguished by the payment of the debt ; and that
the defendants have a counter letter executed by Martin to
the mortgagers, which the plaintiff knew of before he received
the transfer from Martin.   Martin gave a counter letter,
stating the consideration money of his deed or mortgage to be
two hundred and fifty-seven dollars.   The defendant set up
further title to the slaves in virtue of a partition of the estate
of Isaac and Isabella Phillips, of whom they claim as heirs.
A notarial act of partition passed before a notary and
attested by a certificate of the governor of Alabama, was of-
fered in evidence and objected to, because it was not authen-
ticated according to the law of Congress.

The plaintiff had judgment and the negroes restored, but
subject to the equity that may arise under the counter letter
from Martin to Isabella and Abram Phillips.

The defendants appealed.

The conveyance from Phillips to Martin expressed on its
face to be in consideration of two *thousand* dollars.   The
counter letter stated, it was only two hundred and fifty-seven
dollars, and six months allowed to redeem them in.

*Bullard,* for the plaintiff, in *propria persona.*

1.  The plaintiff is entitled to the possession of the slaves
in dispute, until the representatives of Abraham Phillips,
redeem them according to the counter letter.

2.  The slaves were charged to one of the heirs, under whom
the plaintiff holds, in the partition spoken of in the above
case of Phillips against Thomas, and the plaintiffs showing
no title, that judgment precludes them.

*Boyce,* for the defendants.

1. We claim to hold this property as heirs of Isaac Phillips, and are entitled to retain the same, as a part of what belongs to them in his succession.

2. The sale made by the co-heirs of the defendant, to Martin, together with the counter letter between them, shows this to have been a mortgage, to secure payment of a small sum of money.

3. When Martin transferred his claim to the plaintiff, the latter paid the debt out of property belonging to the Phillips's in his hands, consequently the debt was extinguished, and the mortgage along with it.

4. This was never intended as a sale by the parties, so that no provision of law relating to that kind of contract, can have any just application to this transaction, intended by them to be a mortgage.

*Mathews, J.* delivered the opinion of the court.

This is a possessory action, brought to recover certain slaves alleged to be held by the defendants without right. The plaintiff obtained a verdict and judgment in his favor, in the court below, from which the defendants appealed.

The evidence of the case shows, that the slaves in question, had been sold and delivered to one Peter B. Martin, by a *vente à rémére* to secure the payment of a debt due to him by the vendors ; and that this debt was paid by the plaintiff, on being placed in relation to said slaves, in the same situation in which the creditor and original purchaser held them, by a regular transfer of all the rights of said purchaser.

On these facts we are of opinion that the plaintiff has a right to recover possession of the slaves by him claimed, and to hold them according to the conditions of the *vente à rémére,* made to P. B. Martin, as contained in the counter letter which was produced in evidence.

*The assignee of an act of sale in the nature of a vente à rémére can institute a possessory action against the vendor and recover possession of the property sold, & hold it subject to the conditions of the vente à rémére, as made to the original purchaser.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.